**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1705-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EARL ROSS,

    Defendant-Appellant.

_____

Submitted May 28, 2025 – Decided July 14, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 22-06-1827.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Margaret McLane, Assistant Deputy Public Defender, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (John J. Santoliquido, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant appeals from a trial court order denying his motion to suppress a firearm found pursuant to a search incident to his arrest. Having reviewed the record, parties' arguments, and applicable legal principles, we affirm.

I.

We recite the pertinent facts adduced at the suppression hearing. Camden County Sheriff's Officer Jonathon Vargas testified he was on patrol on May 12, 2022, when he encountered defendant. Earlier that morning, before beginning his patrol, Vargas had reviewed a list of individuals with warrants. Defendant, who Vargas knew, was among those listed. Vargas stopped defendant and placed him under arrest pursuant to the outstanding warrant. Vargas conducted a search incident to arrest that disclosed a loaded handgun equipped with a large-capacity magazine inside a red pouch that defendant was wearing. The gun had been reported as stolen.

The arrest warrant had been issued on March 11, 2022 by the same judge who convened the suppression hearing and was based on defendant's failure to report to the Community Service Life Skills (CSLS) program as a condition of the probationary sentence imposed on his February 4, 2022 conviction for possession of a controlled dangerous substance with intent to distribute. A different judge had sentenced defendant to serve 180 days in CSLS, in lieu of

A-1705-23

county jail. Defendant was required to report to CSLS beginning February 12, 2022. He failed to report on several occasions resulting in an application being filed for the issuance of a warrant for non-compliance with his terms of sentencing.

On June 20, 2022, defendant was charged by indictment with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); fourth-degree possession of a large capacity ammunition magazine, N.J.S.A. 2C:39-3(j); third degree receiving stolen property, N.J.S.A. 2C:20-7(a); and second-degree unlawful possession of a weapon previously convicted person, N.J.S.A. 2C:39-7(b)(1).

Subsequently, defendant moved to suppress the firearm found during the search incident to arrest, contending that the warrant was unsupported by probable cause and that it was not signed by the judge but rather by a court clerk. Defendant asserted that in the absence of a valid warrant, he could not be lawfully arrested, rendering invalid the search incident to arrest. The State countered that defendant's failure to report to CSLS established probable cause for the warrant which was issued by the clerk under the judge's authority.

In rejecting defendant's contentions, the motion judge recounted that she authorized the bench warrant after being notified by the Camden County

Department of Corrections, which oversees the CSLS program, that defendant failed to report. The judge explained that although her signature does not appear on the warrant, she authorized the court clerk to issue the warrant based on defendant's failure to report to CSLS. The motion judge determined that the warrant was properly issued based on probable cause that defendant violated probation by not reporting to CSLS. Holding the search of defendant incident to his arrest was lawful, she denied defendant's motion to suppress the handgun.

Thereafter, defendant pled guilty to second-degree unlawful possession of a weapon pursuant to a negotiated plea agreement. The judge sentenced defendant in accordance with the recommended plea agreement to five years in prison with forty-two months of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6(c) with concurrent terms of three years in prison on four violations of probation. Defendant appeals the denial of his motion to suppress and subsequent sentencing arguing the following single point for the first time on appeal:

> Point I
>
> THE SEARCH INCIDENT TO ARREST WAS NOT MADE PURSUANT TO A VALID ARREST WARRANT BECAUSE IT WAS AN ABUSE OF DISCRETION TO ISSUE A WARRANT RATHER THAN A SUMMONS.

4

## II.

"[A] search executed pursuant to a warrant is presumed to be valid and . . . a defendant challenging its validity has the burden to prove 'that there was no probable cause supporting the issuance of the warrant or that the search was otherwise unreasonable.' " State v. Jones, 179 N.J. 377, 388 (2004) (quoting State v. Valencia, 93 N.J. 126, 133 (1983)). "Accordingly, courts 'accord substantial deference to the discretionary determination resulting in the issuance of [a] warrant.'" State v. Keyes, 184 N.J. 541, 554 (2005) (alteration in original) (quoting Jones, 179 N.J. at 388).

When "reviewing a grant or denial of a motion to suppress [we] must uphold the factual findings underlying the trial court's decision so long as those findings are supported by sufficient credible evidence in the record." State v. Gamble, 218 N.J. 412, 424 (2014) (citing State v. Elders, 192 N.J. 224, 243 (2007)). We "should reverse only when the trial court's determination is 'so clearly mistaken that the interests of justice demand intervention and correction.'" Id. at 425 (quoting Elders, 192 N.J. at 244) (citation omitted).

However, "a reviewing court owes no deference to the trial court in deciding matters of law." State v. Mann, 203 N.J. 328, 337 (2010). We owe no deference to either the trial court's interpretation of the law or to its

determination of the legal consequences that result from its fact-finding.  State v. Stas, 212 N.J. 37, 49 (2012).  We review a trial court's legal interpretations de novo.  State v. Hathaway, 222 N.J. 453, 467 (2015).

Defendant does not dispute there were sufficient grounds to issue violation of probation charges against him.  He nonetheless argues that the alleged violations for not attending CSLS should have resulted in the issuance of a summons rather than a warrant.

The central issue raised by defendant—that the arrest warrant was invalid because a summons should have been issued instead of a bench warrant—is without merit.  N.J.S.A. 2C:45-3, entitled "Summons or arrest of defendant under suspended sentence or on probation; commitment without bail; revocation and resentence," states in pertinent part: "a.  At any time before the discharge of the defendant or the termination of the period of suspension or probation:  (1) The court may summon the defendant to appear before it or may issue a warrant for his arrest[.]"  (Emphasis added).  The plain language of N.J.S.A. 2C:45-3(a)(1) provides the court discretion to issue either a summons or a warrant for probation violations.

As part of the sentence imposed for defendant's conviction of drug distribution, he was ordered into CSLS beginning on February 12, 2022 in lieu

6

of serving a 180-day county jail term.  Participation in the CSLS program was the central element of his sentence—allowing him to serve his term in the community rather than in custody.

We conclude based on the unambiguous text of N.J.S.A. 2C:45-3(a)(1) that the judge acted well within her discretion in issuing a bench warrant for defendant's arrest after receiving notice that defendant failed to report to the CSLS program on several occasions in violation of the critical term of his probation.  Accordingly, the warrant was lawfully issued and executed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7